UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RAY FRANCOIS,

    Plaintiff,

v.                                              Case No:   6:17-cv-1779-Orl-37TBS

NATIONSTAR MORTGAGE, LLC,

    Defendant.

## ORDER

Pending before the Court is Defendant's Motion to Strike Jury Trial Demand (Doc. 38). On October 13, 2017, Plaintiff filed this lawsuit, alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., and the Florida Consumer Collection Practices Act, Fla. Stat.§ 559.55 et seq. (Doc. 1). Plaintiff's complaint included a demand for a jury trial. Defendant filed an answer denying that Plaintiff was entitled to a jury trial (Doc. 10). Then, the parties met and stipulated to a trial by jury, as reflected in their Case Management Report (Doc. 16). The District Judge considered the Case Management Report and set the case for jury trial (Doc. 18).

The parties proceeded to mediation but did not settle (Doc. 24). After obtaining leave, Plaintiff filed and served his amended complaint on July 13, 2018 (Doc. 34). Once again, he requested trial by jury. On June 27, 2018, Defendant moved to dismiss the amended complaint (Doc. 35). That motion does not mention the jury demand. On July 18, 2018, Defendant filed the instant motion to strike the jury demand.

Defendant brings its motion to strike pursuant to FED. R. CIV. P. 12(f) which states:

> (f) Motion to Strike. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent,

or scandalous matter. The court may act:

(1) on its own; or

(2) on motion made by a party either **before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.**

Rule 12(f), FED. R. CIV. P. (emphasis added). Here, the Court does not act on its own and Defendant did not seek to strike the jury demand until *after* filing its motion to dismiss the amended complaint. Even if the Court were to overlook the motion to dismiss (which makes no mention of the jury demand), the motion to strike comes over thirty days after Defendant was served with the amended complaint, nine months after Plaintiff's first request for a jury trial, and seven months after Defendant stipulated to a jury trial in the Case Management Report. On this record the Court finds that Defendant's belated objection to the jury demand does not comply with Rule 12(f) and has otherwise been waived. Accordingly, the motion to strike is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on August 6, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record