UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RAY FRANCOIS,

    Plaintiff,

v.                                                      Case No: 6:17-cv-1779-Orl-37TBS

NATIONSTAR MORTGAGE, LLC,

    Defendant.

## ORDER

This case comes before the Court on Defendant's Motion for Reconsideration of Motion to Strike Jury Trial Demand or, in the alternative, Motion to Strike Plaintiff's Jury Demand Under FED. R. CIV. P. 39(a) (Doc. 47). Plaintiff has filed an opposition brief (Doc. 49). The motion is due to be **DENIED.**

Background

On October 13, 2017, Plaintiff filed his complaint, alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* and the Florida Consumer Collection Practices Act, FLA. STAT. § 559.55 *et seq.* (Doc. 1). The complaint included a demand for a jury trial. Defendant filed an answer which, among other things, denied that Plaintiff was entitled to a jury trial (Doc. 10). Then, the parties met and stipulated to a trial by jury, as reflected in their Case Management Report, filed December 11, 2017 (Doc. 16). The District Judge considered the Case Management Report and set the matter for jury trial (Doc. 18).

The parties mediated but did not settle the case (Doc. 24). After obtaining leave, Plaintiff filed and served his amended complaint on June 13, 2018 (Doc. 34). The

amended complaint also seeks trial by jury. On June 27, 2018, Defendant moved to dismiss the amended complaint (Doc. 35). That motion did not mention or object to the jury demand.

On July 18, 2018, Defendant filed a motion to strike the jury demand "pursuant to FED. R. CIV. P. 12(f)" (Doc. 38). On review, the Court denied the motion, observing that:

> the motion to strike comes over thirty days after being served with the amended complaint, nine months after the first assertion of a right to jury trial in the complaint, and seven months after stipulating to a jury trial in the Case Management Report. Defendant's belated objection to the jury demand does not comply with Rule 12(f) and has otherwise been waived.

(Doc. 46). Defendant now seeks reconsideration of this Order and its motion to strike.

Standards of Law

Reconsideration of a court's order is an extraordinary remedy, and reconsideration is a power to be "used sparingly." United States ex rel. Mastej v. Health Mgmt. Assocs., Inc., 869 F. Supp. 2d 1336, 1348 (M.D. Fla. 2012). "A motion for reconsideration must demonstrate why the court should reconsider its past decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Florida College of Osteopathic Medicine, Inc. v. Dean Witter Reynolds, Inc., 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998). "The courts have delineated three major grounds justifying reconsideration of such a decision: (1) an intervening change in controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994). "Appropriate circumstances for reconsideration include situations in which the Court has obviously misapprehended a party's position, the facts, or mistakenly has decided an issue not presented for determination." U.S. v. Halifax Hosp. Med. Ctr., No.

6:09-cv-1002-Orl-31TBS, 2013 WL 6284765, at *1 (M.D. Fla. Dec. 4, 2013). Parties cannot use a motion for reconsideration to ask a district court to "relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment." Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 957 (11th Cir. 2009) (quoting Michael Linet, Inc. v. Vill. of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005)).

Discussion

Defendant claims that the Order denying the motion to strike is "clearly erroneous." It asserts that "even though the motion cited Rule 12(f) as authority to strike Plaintiff's jury demand, the timing for motions to strike jury trial demands is governed by Rule 39, not Rule 12(f)." This does not persuade. The motion to strike made no mention of Rule 39 and did not purport to rely on it. The motion *explicitly* stated that it was brought "pursuant to" Rule 12(f) and discussed Rule 12(f) accordingly (see Doc. 38 at 1 and 4). The Court did not err in treating a motion brought "pursuant to Rule 12(f)" as a motion brought "pursuant to Rule 12(f)" and was under no obligation to consider arguments Defendant did not make.

Nor does the Court agree with Defendant's position that it should reconsider its decision denying the motion to strike because of Rule 39. Although "Rule 39(a)(2) contains no time limit for the filing of an objection to the demand for a jury trial," FN Herstal SA v. Clyde Armory Inc., 838 F.3d 1071, 1090 (11th Cir. 2016), "[t]he Court has the discretion to determine whether a motion to strike jury demand is timely or too late." Brown Jordan Int'l Inc. v. Carmicle, No. 0:14-CV-60629, 2015 WL 11197774, at *1 (S.D. Fla. Aug. 27, 2015); see also Madura v. Countrywide Home Loans, Inc., No. 8:06-cv-2073-T-24TBM, 2008 WL 151850, at *1 (M.D. Fla. Jan. 15, 2008) (denying motion to strike jury demand, finding: "Given their length of delay in seeking to enforce the jury trial

waiver provision, the Court finds that Defendants have waived their right to enforce it."); FED. R. CIV. P. 39(a). Here, Defendant presents no compelling reason for the Court to reconsider the exercise of its discretion in denying the motion to strike due to waiver.

Defendant is no stranger to such a finding. In Roth v. Nationstar Mortg., LLC, Judge Steele considered a motion to strike brought by this Defendant and wrote:

> In both the original and amended complaints, Plaintiff included a demand for jury trial on "all issues so triable." (Doc. ## 1, ¶ 59; 33, ¶ 59.) Nationstar did not object to either demand. To the contrary, Nationstar's counsel signed the parties' July 15, 2016 Joint Case Management Report (Doc. #26) "agreeing" to a jury trial and estimating that trial will last two days. Accordingly, the Court's August 15, 2016 Case Management and Scheduling Order (Scheduling Order) (Doc. #31) set a jury trial for the April 2017 term. Nationstar did not object to the Court's Scheduling Order. Ten weeks later however, Nationstar filed the instant Motion seeking to strike the jury trial demand under Rule 39(a)(2) of the Federal Rules of Civil Procedure.

Roth v. Nationstar Mortg., LLC, No. 2:15-CV-783FTM29MRM, 2016 WL 7473818, at *1 (M.D. Fla. Dec. 29, 2016). Faced with the same arguments presented here, Judge Steele held: "By failing to object to Plaintiffs' jury demands in the original and amended complaints, and by signing the parties' Case Management Report selecting the "jury trial" option, Nationstar consented to a jury trial and thus waived the right to subsequently invoke the waivers." Roth, 2016 WL 7473818, at *2. Defendant moved for reconsideration in Roth on the identical grounds raised here, and Judge Steele denied the motion, reasoning:

> The undersigned previously exercised his discretion in favor of denying Nationstar's Motion to Strike and finds no clear error in that decision. Unlike the defendant in the FN Herstal case, here, Nationstar has not asserted that Plaintiff lacks a Seventh Amendment right to proceed before a jury; rather Nationstar argues only that Plaintiff contractually waived the right to a jury trial. The distinction is important. The former scenario

- 4 -

> typically manifests later in the litigation process, when claims and remedies are narrowed, as was the case in FN Herstal. Id. at 1088–89. In contrast, **the waiver argument has been available to Nationstar since the day the Complaint was filed. Nothing prevented Nationstar from moving to strike Plaintiff's jury demand sooner, and there certainly was no reason for Nationstar to agree to a jury trial in the CMR if Nationstar believed Plaintiff had waived that right.** [fn omitted].

Roth v. Nationstar Mortg., LLC, No. 2:15-CV-783FTM29MRM, 2017 WL 1130745, at *2 (M.D. Fla. Mar. 26, 2017) (emphasis added). And, in Galle v. Nationstar Mortg., LLC, No. 2:16-CV-407-FTM-38CM, Magistrate Judge Mirando relied on Roth in denying another Nationstar motion to strike a jury trial demand:

> Similarly, Plaintiff here included a jury demand in both the original and the Amended Complaints. Docs. 1 at 11, 17 at 11. Defendant, however, did not object to any. Furthermore, the parties filed the Case Management Report on September 6, 2016, which indicated that they consented to a jury trial. Doc. 21 at 2. Accordingly, on October 4, 2016, the Court entered a CMSO, setting a jury trial estimated to last two days to proceed before Judge Chappell. Doc. 23. Again, Defendant did not object to the CMSO. On November 18, 2016, nearly six weeks after the Court entered the CMSO, Defendant filed the present motion, setting forth the same arguments that it alleged in Roth: Plaintiff is subject to a jury trial waiver contained in the mortgage agreement. Doc. 32. Defendant also has not alleged that Plaintiff's right to a jury trial is foreclosed by the Seventh Amendment. Docs. 32, 36. **Given the nearly identical facts and arguments, as Judge Steele in Roth held, the Court finds that Defendant waived its right to invoke the jury trial waiver in the mortgage agreement, and Plaintiff is entitled to proceed before a jury on all claims.**

Galle v. Nationstar Mortg., LLC, No. 2:16-CV-407-FTM-38CM, 2017 WL 881810, at *6 (M.D. Fla. Mar. 6, 2017) (emphasis added). In overruling Nationstar's objections to these findings, Judge Chappell addressed these issues as well, finding:

> [A]lthough Nationstar denied Galle's entitlement to a jury trial in its answers, it agreed to a jury trial in the CMR and waited six weeks after the CMSO was issued to file a motion to strike. **Nationstar acted inconsistently with its position on the jury**

> demand, and Magistrate Judge Mirando did not clearly error
> or act contrary to the law in finding it waived its right to enforce
> the jury waiver. This result is also in step with the Eleventh
> Circuit's position to protect an individual's Seventh
> Amendment right to a jury trial. See Parrott v. Wilson, 707
> F.2d 1262, 1267 (11th Cir. 1983) ("In this Circuit, the general
> rule governing belated jury requests under Rule 39(b) is that
> the trial court should grant a jury trial in the absence of strong
> and compelling reasons to the contrary." (citation omitted)).

Galle v. Nationstar Mortg., LLC, No. 2:16-CV-407-FTM-38CM, 2017 WL 2972072, at *2 (M.D. Fla. July 12, 2017) (emphasis added).[1] Not only are these holdings directly on point and persuasive, but all four of these opinions were issued *prior to the filing of the complaint in this case*, and yet the same Defendant waited nine months after the first assertion of a right to jury trial in the complaint, and seven months after stipulating to a jury trial in the Case Management Report, before bringing its motion to strike the jury demand here. The Court did not err in finding waiver here. The Court agrees with the well-reasoned opinions of Judges Steele, Chappell and Mirando and finds no basis to depart from those holdings. Defendant's motion for reconsideration or to strike the jury demand under Rule 39 is **DENIED.**

**DONE** and **ORDERED** in Orlando, Florida on September 5, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record

---

[1] These cases are not outliers. "[C]ourts in this Circuit routinely find that a party waives its right to enforce a contractual jury trial waiver where a party: (1) fails to object to a jury trial demand in response to a pleading; (2) agrees to a jury trial in her Joint Scheduling Report; or (3) and waits until the eve of trial to move to strike a jury demand." Affiliati Network, Inc. v. Wanamaker, No. 1:16-CV-24097-UU, 2017 WL 7311893, at *3 (S.D. Fla. Aug. 21, 2017) (collecting cases).